**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Demetrius Smalls, Appellant.

Appellate Case No. 2011-192488

———————

Appeal From Barnwell County
Doyet A. Early, III, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-028
Heard November 12, 2014 – Filed January 14, 2015

———————

**AFFIRMED**

———————

Breen Richard Stevens, of Orangeburg, and Appellate Defender Benjamin John Tripp, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Deborah R.J. Shupe, and Senior Assistant Deputy Attorney General Salley W. Elliott, all of Columbia, for Respondent.

———————

**PER CURIAM:** Demetrius Smalls appeals his convictions for voluntary manslaughter, assault and battery with intent to kill, and possession of a weapon during the commission of a violent crime. He argues the circuit court erred by (1) failing to dismiss the entire jury panel when during voir dire a prospective juror stated he and Smalls had been previously incarcerated together; and (2) denying his motion for a new trial because the circuit court's facial expressions during trial amounted to an undue, extraneous influence on the jury during deliberations. We affirm.

1. We find the issue of whether the circuit court erred by failing to dismiss the entire jury panel when during voir dire a prospective juror stated he and Smalls had been previously incarcerated together was not preserved for appellate review because Smalls failed to contemporaneously object to the circuit court's curative instruction. *See State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 911-12 (1996) ("If the [circuit court] sustains a timely objection to testimony and gives the jury a curative instruction to disregard the testimony, the error is deemed to be cured. No issue is preserved for appellate review if the objecting party accepts the [circuit court's] ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial." (citations omitted)).

2. As to whether the circuit court erred in denying Smalls' motion for a new trial because Smalls was prejudiced by facial expressions exhibited by the circuit court during trial, we find the letters from Smalls' family, friends, and a member of the jury did not present clear and convincing evidence that the circuit court's alleged facial expressions amounted to an extraneous influence on the jury that interfered with the conduct of the trial and influenced the verdict. While the juror does state the jury discussed the circuit court's conduct, she gives no indication the alleged actions had any impact on her or the other jurors in reaching a verdict. In fact, the juror stated the comments of two other jurors within the jury room regarding the law of the case impacted her decision to find Smalls guilty. In any event, we see no evidence of misconduct or any prejudice resulting from any alleged misconduct. *See State v. Stewart*, 278 S.C. 296, 303, 295 S.E.2d 627, 631 (1982) ("Ideal conditions, it is true, are not to be expected, and verdicts should not be set aside by an appellate court for misconduct in a trial, unless the evidence is clear and convincing that extraneous influences so interfered with the conduct of the trial, or so pressed upon the jury, as to become factors in the result." (citation omitted)).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**